UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ADAM LEE STERLING, | Case No. 14-cv-3349 (ADM/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| HENNEPIN COUNTY; STATE OF MINNESOTA; LORI SWANSON; LINDA M. FREYER; and MICHAEL O. FREEMAN, | |
| Defendants. | |

On September 4, 2014, plaintiff Adam Lee Sterling, a Minnesota state prisoner, filed this action bringing claims against the named defendants in this action, putatively under 42 U.S.C. § 1983. Sterling did not pay the required filing fee, but instead applied to proceed *in forma pauperis* ("IFP") in this litigation. In an order dated September 5, 2014, this Court denied Sterling's IFP application for two reasons. *See* ECF No. 9. First, Sterling had failed to provide adequate financial information in his IFP application. Second, Sterling's complaint was "woefully inadequate" and "nearly unintelligible." *Id*. at 2-3. Accordingly, Sterling was ordered to (1) file an amended complaint, and (2) file an amended IFP application by no later than October 10, 2014, failing which this Court would recommend that Sterling's complaint be dismissed without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

That deadline has now passed, and Sterling has filed neither an amended IFP application nor an amended complaint. He has, however, filed several additional documents in this case, including a certificate from an authorized prison official showing the balance and average

monthly deposits in his prison trust account.  *See* ECF No. 11.  Although this submission does not fully comply with the Court's previous order requiring that Sterling file an amended IFP application (or with the requirements set forth in 28 U.S.C. § 1915 for such IFP applications), this Court will nevertheless construe the document filed by Sterling as an amended IFP application.

That said, Sterling has not yet filed any document that could be construed as an amended complaint.  Sterling's failure to comply with this Court's previous order that he file an amended complaint would, by itself, justify dismissal of Sterling's complaint without prejudice for failure to prosecute.  *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

Leaving that aside, however, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.  In assessing the sufficiency of the complaint, the court

may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As explained in this Court's previous order, Sterling's original complaint is nearly unintelligible.[1] For example, in the section of his complaint headed "statement of the claim," Sterling writes the following: "Baby phonetime Beyond a reasonable doubt 100 times staff infection caused by the state this ties all together." Compl. at 6 [ECF No. 1]. This is the entirety of the substantive allegations made in the "statement of the claim" section of Sterling's complaint. Needless to say, these allegations are insufficient to state a claim for relief under § 1983 or any other cause of action.

The many letters Sterling has submitted since filing his complaint do not shed any light on the claims he seeks to raise in this litigation. Simply put, Sterling has not adequately alleged in any of the documents submitted in connection with this litigation how he has suffered any harm whatsoever at the hands of the named defendants, much less how that harm amounts to a deprivation of his constitutional rights sufficient to state a claim under § 1983. In the absence of

---

[1] Although written on a form designated for claims brought under § 1983, it appeared at the outset of this case that Sterling may have been attempting to challenge his state-court conviction through this lawsuit. This Court explained that Sterling could not bring both habeas claims and § 1983 claims in the same lawsuit, and it informed Sterling that if he "wishes to bring both habeas and civil-rights claims, he must pursue one set of those claims in this action, and he must file an *entirely new lawsuit* raising the other set of claims." ECF No. 9 at 3 n.1. Sterling has since opened a new proceeding and filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Sterling v. Smith*, No. 14-CV-4063 (ADM/LIB) (D. Minn. filed Oct. 1, 2014). This Court therefore construes Sterling's complaint and accompanying documents as attempting only to raise claims under § 1983. *Cf.* 28 U.S.C. § 2244(b) (restricting second or successive habeas petitions by state prisoners).

comprehensible allegations showing how the specific defendants named in the complaint violated Sterling's rights, this litigation cannot proceed. Accordingly, it is recommended that this action be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. The complaint [ECF No. 1] be SUMMARILY DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Plaintiff Adam Lee Sterling's motion for unspecified relief [ECF No. 5] be DENIED AS MOOT.

Dated: October 14, 2014

s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

## **NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 28, 2014**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within fourteen days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.